[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13519
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 21, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cv-00027-MP-GRJ


JOSEPH FRANK LEE,

                                                          Plaintiff-Appellant,


versus


ALACHUA COUNTY, FL,
Individually and in Their Official Capacities,
ALACHUA COUNTY FL COMMISSIONERS,
Individually and in Their Official Capacities,
SADIE DARNELL, Alachua County Sheriff, Individually
and in Her Official Capacity,
ROBERT WOODY,
Alachua County Jail Director, Individually
and in His Official Capacity,
PRISON HEALTH SERVICES, Agent Medical Provider at
Alachua County Jail, Individually and in Their Official Capacities,

                                                          Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Florida

(February 21, 2012)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Joseph Frank Lee, a prisoner proceeding pro se, appeals the district court's denial of his motion to amend his dismissed complaint. The complaint, which seeks relief under 42 U.S.C. § 1983, had been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and judgment was entered in favor of the defendants. The district court construed the request to amend as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Concluding that Lee failed to present adequate reasons to warrant relief from the judgment, the district court denied the motion.

Here, Lee argues that the court erred when it denied him an opportunity to amend his complaint. Even though Lee had never been given the opportunity to amend his complaint before judgment was entered against him, after a thorough review of the record and Lee's brief, we find that amendment would have been futile and that there was no reversible error. Accordingly, we affirm.

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend his pleading once as a matter of course. Rule 15 has no application, however, "once the district court has dismissed the complaint and entered final judgment for the defendant." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "Post-judgment, the plaintiff may seek leave to amend if he is granted relief under [ Federal Civil Procedure] Rule 59(e) or Rule 60(b)(6)." *Id.* at 1344–45.

We have held that "[w]here a more carefully drafted complaint might state a claim, a plaintiff *must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam) (emphasis added). With respect to counseled defendants who failed to request leave to amend, we overruled this holding. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). But pro se litigants are held to a less stringent standard, see *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), and our

3

decision in *Wagner* did not disturb our decision in *Bank* with respect to a pro se litigant's right to amend. *Wagner*, 314 F.3d at 542 n.1.

While a pro se litigant must generally be given an opportunity to amend his complaint, a district court need not allow any amendment where amendment would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.*

Ordinarily we would find that a district court committed reversible error if it deprived a pro se litigant of the opportunity to amend his complaint once before it was dismissed with prejudice. But here, any error was harmless because a review of Lee's proposed amended complaint shows that amendment would be futile. This is not a circumstance where a carefully drafted complaint could state a claim for relief under § 1983. Although Lee alleges that defendants were indifferent to his serious medical needs, his proposed complaint makes clear that he received medical care that corresponded to the severity of his viral symptoms. The response to Lee's medical needs was not so inadequate as to "constitute an unnecessary and wanton infliction of pain." *Taylor v. Adams*, 221 F.3d 1254,

1258 (11th Cir. 2000) (internal quotation marks omitted) (stating that relief under § 1983 for deliberate indifference to serious medical needs requires wanton conduct that rises above accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice).  Lee also alleges that defendants were deliberately indifferent to his medical needs after he was released from the hospital, but he fails to support the claim with factual allegations.  Such conclusory allegations do not support a basis for relief.  *Bell Atlantic Corp. v, Twombly*,  550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007).

**AFFIRMED**.