[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13343
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00871-JRK

DEALMOS JOHNSON,

Plaintiff-Appellant,

versus

BRYAN ROSIER,
Sargeant, individually and in his official capacity,

Defendant,

STEVEN F. SINGER,
Warden, individually and in his official capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 26, 2014)

Before MARTIN, FAY, and EDMONDSON, Circuit Judges.


PER CURIAM:


Dealmos Johnson, proceeding *pro se* on appeal, appeals the grant of summary judgment to Steven Singer, the warden of the prison where Johnson was incarcerated, in Johnson's 42 U.S.C. § 1983 action. Briefly stated, Johnson asserts that Warden Singer was deliberately indifferent to his health and safety, in violation of the Eighth and Fourteenth Amendments, because Warden Singer failed to protect Johnson from Officer Rosier's alleged use of excessive force.* The summary judgment decision was presented in a full opinion. We see no reversible error. We affirm the judgment.

We review the grant of summary judgment *de novo. Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). We do not consider in the first instance issues not addressed by the district court. *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001) (citing *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.")). We liberally construe *pro se* briefs. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Nevertheless, issues not raised on appeal are abandoned. *Id.*

---

* Officer Rosier was dismissed as a defendant and is not a party to this appeal.

Summary judgment is appropriate when the movant has shown that there is no genuine dispute as to any material fact, and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). "[M]ere conclusions and unsupported factual allegations, as well as affidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment." *Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005). When considering a motion for summary judgment, the district court does not weigh the evidence to determine the truth of the matter, but rather determines only if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986).

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. Three kinds of Eighth Amendment claims arise in the prison context, including challenges to specific conditions of confinement, the use of excessive force, and deliberate indifference to a prisoner's safety. *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010); *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). Each of these kinds of claims requires the plaintiff to establish (1) an objective showing of a

deprivation or injury that is sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities, and (2) a subjective showing that the official had a sufficiently culpable state of mind. *Thomas*, 614 F.3d at 1304.

In a deliberate-indifference claim, the prisoner plaintiff must establish first "an objectively substantial risk or serious harm." *Harrison v. Culliver*, 716 F.3d 1288, 1298 (11th Cir. 2014). Second, the plaintiff must show that the defendant was deliberately indifferent to that risk by establishing that the defendant (1) had a subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) engaged in conduct that is more than mere negligence. *Id.*

In an excessive-force claim, the prisoner must show that the official "applied force maliciously and sadistically for the very purpose of causing harm." *Thomas*, 614 F.3d at 1304 (quotation omitted). When conducting that inquiry, we look to "the need for the application of force; the relationship between the need and the amount of force that was used; and the extent of the [prisoner's injuries]." *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007). We also consider the extent of the threat to staff and inmate safety, and we give wide deference to prison officials who are acting to maintain discipline and security. *Id.* (concluding that an open-handed push or shove was not excessive force).

A supervising official who did not participate in the allegedly wrongful acts (as in this case) can only be held liable under a theory of supervisory liability if

4

there is a causal connection between the supervising official's conduct and the alleged constitutional deprivation. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). A plaintiff can establish the required causal connection by documenting either (1) "a history of widespread abuse [that would put] the responsible supervisor on notice of the need to correct the alleged deprivation," and the supervisor's failure to correct the problem; (2) an official custom or policy that led to the violation; or (3) facts that indicate that "the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Harrison*, 746 F.3d at 1298.

A *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Unless otherwise specified, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Rule 15(a)(2) also states that "[t]he court should freely give leave when justice so requires." *Id.* The plaintiff must provide the substance of his proposed complaint to support his motion. *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361-62 (11th Cir. 2006). A district court may deny leave to amend where the amendment would be futile because the complaint as amended would still be subject to dismissal. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319-20 (11th Cir. 1999). The requirements of Rule 28(a) are not jurisdictional, and we can use

our discretion to consider briefs that do not comply with the requirements of Rule 28(a). *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1286 n.4 (11th Cir. 2003) (noting that we would exercise our discretion to consider the brief submitted in an immigration proceeding even though it failed to comply with certain requirements of an appellant's brief, as articulated in Rule 28).

First, we exercise our discretion to consider Johnson's *pro se* brief, despite the alleged failure to comply with Rule 28(a).  Second, we decline to consider the arguments that Johnson has raised for the first time on appeal, including Singer's failure to investigate, the existence of an alleged conspiracy surrounding the incident, and Johnson's request to amend his complaint.  Third, we conclude that the district court did not err by granting summary judgment to Singer; Johnson failed to establish that Warden Singer personally was liable for Correctional Officer Rosier's acts.  Even if Singer might be accountable in some way for Rosier's use of force, Johnson failed to establish adequately that Singer was deliberately indifferent to a substantial risk of harm from Officer Rosier or to establish even that Johnson really had been subjected to excessive force by Rosier at all.  Plaintiff admitted that he refused to comply with direct and repeated orders, orders that were reasonable in the circumstances.  The record does not support that Officer Rosier had a history of using excessive force against inmates.  Warden

Singer had no advance notice of a likely event in the nature of the one that allegedly triggered this civil action.

**AFFIRMED.**