[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14369
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-24307-MGC

LEONARDO CAVERO,
LIDIA CAVERO,

Plaintiffs-Appellants,

versus

ONE WEST BANK FSB,
JANE DOE, ESQ,
individually,
CHOICE LEGAL GROUP PA,
ESQ FAITH DOMINIQUE EVERETT,
individually,

Defendants-Appellees,

INDYMAC MORTGAGE SERVICES, LLC, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 8, 2015)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Leonardo Cavero and Lidia Cavero (collectively, the "Caveros"), proceeding pro se, appeal from the district court's order dismissing their claims against OneWest Bank FSB ("the Bank") and Choice Legal Group, P.A. ("the Law Firm"), brought under the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). On appeal, the Caveros argue that: (1) the district court erred by dismissing their claims for lack of jurisdiction pursuant to Rooker-Feldman doctrine;[1] and (2) the district court erred by denying them leave to amend their complaint. After thorough review, we affirm.

Application of Rooker-Feldman is a threshold jurisdictional matter. Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010). We review the district court's application of the Rooker-Feldman doctrine de novo, Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1069 (11th Cir. 2013), and review a district court's findings of jurisdictional fact for clear error. Carmichael v. Kellogg, Brown & Root Services, Inc., 572 F.3d 1271, 1279-80 (11th Cir. 2009). Generally, we review the denial of a motion to amend a complaint for abuse of

---

[1] The Rooker-Feldman doctrine derives from Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

discretion, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007), but we review de novo questions of law -- like whether an amendment would be futile. Id.

The party invoking subject matter jurisdiction bears the burden of proving its existence. See Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005). If an appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding. Fed.R.App.P. 10(b)(2). Although pro se pleadings are liberally construed, issues not raised before the district court are deemed waived. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Alone among the federal courts, only the Supreme Court may exercise appellate authority to reverse or modify a state-court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284-85 (2005). Accordingly, under the Rooker-Feldman doctrine, federal district courts and courts of appeals lack jurisdiction to review the final judgment of a state court. Lozman, 713 F.3d at 1072. However, in delineating the boundaries of Rooker-Feldman, the Supreme Court has clarified that the doctrine is narrow in scope, and only applies to cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

3

district court review and rejection of those judgments." Exxon Mobil Corp., 544 U.S. at 284; see also Lozman, 713 F.3d at 1072.

Rooker-Feldman applies "both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). It does not apply if a party lacked a reasonable opportunity to raise his federal claim in state court. Id. A claim filed in federal court is inextricably intertwined with a state court judgment if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues." Id. (quotation omitted).

The pendency of an action in state court precludes application of Rooker-Feldman. Exxon Mobil Corp., 544 U.S. at 292. Thus, Rooker-Feldman does not apply if the federal action was commenced before the end of state proceedings. Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009). State proceedings end for Rooker-Feldman purposes in three scenarios:

> (1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, (2) if the state action has reached a point where neither party seeks further action, and (3) if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated.

Id. at 1275 (quotation omitted). As for the second scenario, a state proceeding has ended if the losing party allows the time for appeal to expire. Id. Conversely, state proceedings have not ended under Rooker-Feldman when the losing party "does

4

not allow the time for appeal to expire (but instead, files an appeal)." Id. A litigant may not escape application of Rooker-Feldman by merely electing not to appeal an adverse state trial court judgment. Id. at 1276.

The Federal Rules of Civil Procedure provide that "[a] party may amend its pleading once as a matter of course" within 21 days after serving it, or after the earlier of service of any responsive pleading or service of a Fed.R.Civ.P. 12(b) motion, but in all other cases a party may amend its pleading only by leave of the court or by written consent of the adverse party. Fed.R.Civ.P. 15(a)(1), (a)(2). The district court "should freely give leave when justice so requires." Id. But if a more carefully drafted complaint could not state a claim and amendment would be futile, dismissal with prejudice is proper. See Cockrell, 510 F.3d at 1310.

In this case, the district court did not err by dismissing the Caveros' complaint for lack of jurisdiction pursuant to the Rooker-Feldman doctrine. The Caveros alleged that the Bank and the Law Firm conspired to "wrongfully foreclose" on their property. Although the Caveros asserted that the foreclosure violated RESPA, TILA, FDCPA, FCCPA, and FDUTPA, deciding any of these claims would have required the district court to effectively nullify the state court's final judgment recognizing the validity of the debt and authorizing foreclosure on the Caveros' property. Furthermore, as the district court noted, there was nothing in the record to suggest that the Caveros were deprived of the opportunity to

present the instant claims before the state court. Accordingly, the Caveros' claims were inextricably intertwined with the state court's judgment.

Moreover, state proceedings ended prior to the commencement of the federal action. The Caveros commenced their federal action on November 26, 2013, when they filed their initial complaint in federal court. As the Caveros concede, the state court entered final judgment in favor of the Bank on May 29, 2013, nearly six months before they filed their federal lawsuit. The Caveros did not allege that they had undertaken any further action in the state court after the entry of judgment, and there is nothing in the record to suggest otherwise. In addition, at the hearing on the motions to dismiss, the Bank said that it was undisputed that the state proceedings had ended, since the Caveros had failed to appeal from the judgment of foreclosure and their motion for rehearing was denied. Importantly, the Caveros did not dispute in the district court the Bank's characterization of the facts or otherwise argue that Rooker-Feldman should not apply due to the pendency of the state proceedings. Nor did the Caveros argue before the district court that this Court should recognize a fraud exception to Rooker-Feldman. These arguments, therefore have been waived.

Finally, the district court did not abuse its discretion by denying the Caveros leave to amend their complaint. Liberally construing the Caveros' brief, they assert on appeal that amendment would not have been futile because the pendency

6

of state court proceedings precluded application of <u>Rooker-Feldman</u>.  However, the Caveros also waived this argument by failing to raise it in the district court. And although the district court made it clear that its denial of leave to amend was based on its determination that amendment would have been futile in light of <u>Rooker-Feldman</u>, the Caveros failed to articulate how any proposed amendment might have resolved the jurisdictional defect.  Accordingly, the district court did not abuse its discretion in denying the Caveros leave to amend their complaint.

     **AFFIRMED**.