[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12142
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00244-MTT-MSH

ROBERT TUCKER, III,

Plaintiff - Appellant,

versus

BUSBEE,
Dr., Upson County Jail,

Defendant-Appellee,

PEACOCK,
Sheriff, Upson County,
RALPH SEARCY,
Captain, Jail Administrator,
KILGORE,
Mayor,
UPSON COUNTY COMMISSIONERS,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 27, 2015)

Before HULL, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Robert Tucker, III, a state prisoner proceeding *pro se*, appeals the district

court's denial of his second motion for leave to amend his civil suit brought under

42 U.S.C. § 1983 against Dr. Jonathan Busbee.[1] On appeal, Mr. Tucker argues

that his proposed amended complaint states a claim for deliberate indifference

against Dr. Busbee because Dr. Busbee knew of Mr. Tucker's serious medical

condition, but did not refer Mr. Tucker to a medical specialist. For the reasons that

follow, and after careful review, we affirm.

I.

Mr. Tucker alleged in his original complaint that he was diagnosed with

diabetic retinopathy in his left eye around February 2011. At the time, Mr. Tucker

was housed as a pretrial detainee at Upson County Jail, where he remained until he

was convicted and transferred to state prison on July 20, 2011. Dr. Thomas Rowe,

who diagnosed Mr. Tucker while he was at Upson, recommended that Mr. Tucker

_____

[1] This Court granted the parties' joint motion to dismiss all but one of Mr. Tucker's
claims on appeal, leaving only Mr. Tucker's challenge to the district court's denial of his second
request to amend his complaint to add Dr. Busbee as a party.

be evaluated by a retina specialist.  Dr. Rowe wrote, "Expect need for laser treatment, and possibly an operation."  Mot. to Leave to Amend Compl., Ex. A, Doc. No. 11-1.  Dr. Rowe suggested two possible offsite specialists.  After his diagnosis, Mr. Tucker received routine medical care for his diabetic condition from Dr. Busbee, the jail physician.   Dr. Busbee, who was aware of Mr. Tucker's retinal diagnosis, referred him to Ralph Searcy, the jail administrator.

Because Upson jail officials believed Mr. Tucker would be transferred before any offsite treatment could be scheduled, they tried to expedite his departure so that he could receive treatment.  Despite the prison officials' knowledge of Mr. Tucker's condition and filing of multiple grievances, he was not offered treatment until August 2011, when he refused it.

Mr. Tucker's original complaint made no allegations specifically about Dr. Busbee.  Mr. Tucker moved to amend his complaint to add, *inter alia*, that Dr. Busbee violated his Eighth Amendment rights "for [Dr. Busbee's] actions in denying medical consultations with any retina specialist concerning [Plaintiff's] retinitis."[2]  Mot. to Leave to Amend Compl. 3, Doc. No. 11.  The district court *sua sponte* dismissed without prejudice under 28 U.S.C. § 1915A all of the defendants except Mr. Searcy, but did not rule on the motion to amend, leaving the motion to

---

[2] Throughout this litigation, the parties have used the terms retinitis and retinopathy interchangeably.  We preserve the original wording here, but note that diabetic retinitis and diabetic retinopathy are two different diseases.  Dr. Rowe diagnosed Mr. Tucker with diabetic retinopathy.  *See* Mot. to Leave to Amend Compl., Ex. A, Doc. No. 11-1.

3

the magistrate judge.  The magistrate judge granted Mr. Tucker's motion to amend his complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). But after a 28 U.S.C. § 1915A screening, the magistrate judge recommended dismissing the new claim against Dr. Busbee for failure to state a claim.  The district court adopted the magistrate's report and recommendation and dismissed all of the defendants except Mr. Searcy.  Mr. Searcy subsequently filed a motion for summary judgment, attaching a declaration stating that following his retinal diagnosis, Mr. Tucker continued to receive "routine medical care from Jonathan Busbee and his staff," who were aware of Mr. Tucker's diagnosis.  Decl. of Ralph Searcy ¶¶ 11-12, Doc. No. 31-1.

Mr. Tucker then filed a second motion to amend his complaint, asserting that Mr. Searcy's declaration provided him with new evidence to support his claim against the previously dismissed defendants.  In his proposed second amended complaint, Mr. Tucker attempted to add Dr. Busbee back as a defendant, alleging that Dr. Busbee had personal knowledge of his medical conditions due to Mr. Tucker's repeated "sick calls" concerning his health.  He also alleged that Chief Deputy Major Kilgore conspired with Dr. Busbee and other prison officials to deny treatment of his diabetic retinitis.  The magistrate judge recommended denying Mr. Tucker's second motion to amend for the same reasons it had dismissed the claim against Dr. Busbee in Mr. Tucker's first amended complaint.  The magistrate judge

4

further noted that allowing Mr. Tucker to amend his complaint for a second time would be prejudicial at such a late stage in the proceedings.  Over Mr. Tucker's objections, the district court adopted the report and recommendation.  This appeal followed.

## II.

We review the district court's denial of leave to amend the complaint for an abuse of discretion.  *Covenant Christian Ministries, Inc. v. City of Marietta*, 654 F.3d 1231, 1239 (11th Cir. 2011).  However, we review *de novo* a legal determination that a proposed amendment to the complaint would be futile.  *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010).  In determining whether a complaint states a claim for relief, we accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012).  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III.

A district court may dismiss a prisoner's complaint under the Prison Litigation Reform Act if the court determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C.

§ 1915A(b)(1). If a "complaint as amended would still be properly dismissed," amendment would be futile, and the district court need not allow an opportunity to amend. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Here, the district court had previously dismissed Mr. Tucker's claim against Dr. Busbee under 28 U.S.C. § 1915A; that determination is not before us for review. If Mr. Tucker's proposed amendment failed to state a claim, then amendment would be futile, and the district court's denial of Mr. Tucker's request to amend his complaint for a second time was not error.

To show an Eighth Amendment violation by a prison doctor, the prisoner must allege that the doctor manifested "deliberate indifference to [the prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).[3] Negligence in diagnosing or treating a medical condition, including "an inadvertent failure to provide adequate medical care," does not state a valid claim for deliberate indifference. *Id.* at 105-06. "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" likewise does not support a deliberate indifference claim. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).

---

[3] We note that Mr. Tucker styled his suit as a deliberate indifference claim under the Eighth Amendment. Because Mr. Tucker was a pretrial detainee at the relevant time, his constitutional rights arise from the Due Process Clause of the Fourteenth Amendment. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 n.4 (11th Cir. 1995). We nevertheless may analyze the claim under the Eighth Amendment because states cannot impose on pretrial detainees conditions that would violate prisoners' Eighth Amendment rights. *Id.*

Mr. Tucker's proposed amendment added the allegation that Dr. Busbee knew of his medical condition but did not help Mr. Tucker obtain further medical assistance. Mr. Tucker does not allege that Dr. Busbee failed to provide him with the routine medical care that Dr. Busbee was capable of providing, nor does he allege that Dr. Busbee could have compelled the Upson officials to send him to a retina specialist. But even if Dr. Busbee could have compelled the officials to provide Mr. Tucker with immediate specialized treatment, Dr. Busbee's decision not to do so was a matter of medical judgment, and a difference of opinion as to the proper course of medical treatment, standing alone, does not constitute deliberate indifference within the meaning of the Eighth Amendment. *See Harris*, 941 F.2d at 1505. At most, Dr. Busbee's actions constituted mere negligence or medical malpractice and thus are insufficient to state a claim for deliberate indifference. *See id.* Because amendment would be futile, the district court did not err in denying Mr. Tucker's second motion to amend his complaint. *See Cockrell*, 510 F.3d at 1311-12.

## IV.

For the reasons set forth above, we affirm.

**AFFIRMED.**

7