[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10051
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00485-WS-CAS


FONTAINE LEROY PORTER,

Plaintiff-Appellant,

versus

GOVERNOR OF THE STATE OF FLORIDA,
DONIE LEE,
Chief of Police Key West Florida,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 28, 2016)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Fontaine Porter appeals *pro se* the dismissal of his lawsuit filed under 8 different statutes: (1) 18 U.S.C. § 1831, the Economic Espionage Act, a criminal statute; (2) Florida Statute § 838.16, commercial bribery, a criminal statute; (3) Florida Statute § 838.21, disclosure or use of confidential criminal justice information, a criminal statute; (4) Florida Statute § 766.103, Florida's medical consent law; (5) Florida Statute § 90.506, privilege with respect to trade secrets; (6) Florida Statute § 859.01, poisoning food and water, a criminal statute; (7) Florida Statute § 784.048, stalking, a criminal statute; and (8) other claims that could be characterized as claims under 42 U.S.C. § 1983.  Porter sought three avenues of relief: (1) that the court initiate prosecution of the Governor of Florida and other individuals involved with the alleged crimes, (2) that Porter be allowed to sue the individuals involved, and (3) that Porter be allowed to sue on behalf of another person, Kelly Nesbitt.  His suit was dismissed as frivolous by the district court.

Porter argues his suit should not have been dismissed as frivolous because there is not an absence of fact or legal basis.  He argues that he is able to present the court with a rational legal argument to support his claims, and that the case should be remanded back to the lower court for trial.

2

We review for abuse of discretion a *sua sponte* dismissal for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i).  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).  Section 1915(e)(2)(B)(i) states that a claim filed by a person proceeding *in forma pauperis* shall be dismissed if the district court determines the action or appeal is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).  A lawsuit is frivolous if its claims involve factual contentions that are fanciful, fantastic, irrational, and/or delusional.  *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).

Although a *pro se* litigant generally should be permitted to amend a complaint, a district court need not allow amendment when it would be futile, meaning that the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

The facts in Porter's complaint could be characterized as stating a claim under § 1983 because, if taken as true, they allege violations of Porter's rights by government officials.  42 U.S.C. § 1983.  However, the claims are frivolous because they include allegations that are fanciful, fantastic, irrational, and/or delusional, and the complaint was properly dismissed.  *Denton*, 504 U.S. at 32-33, 112 S. Ct. at 1733; *Neitzke*, 490 U.S. at 327, 109 S. Ct. at 1833; *Hughes*, 350 F.3d at 1160.  Any amendment in this case would have been futile because Porter's

3

amended complaint would still have been subject to dismissal. *Cockrell*, 510 F.3d at 1310.

**AFFIRMED.**