[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13936
Non-Argument Calendar

_____

D. C. Docket No. 06-00018-CV-JTC-3

TONY WEBB,

Plaintiff-Appellant,

versus

TERRY LANGLY,
DAVID JORDAN,
CARROLL COUNTY, GA,

Defendants,

WALTER SMITH, M.D.,
GEORGIA CORRECTIONAL HEALTH, L.L.C.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 6, 2008)**

Before CARNES, BARKETT, and HILL, Circuit Judges.

PER CURIAM:

Plaintiff, during the time period relevant to this action an inmate in the Carroll County jail, brought this action under 42 U.S.C. § 1983 against various defendants alleging a deprivation of his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment. Plaintiff alleges that the various defendants did not afford him the proper medical care for a broken nose he suffered during an attack by another inmate. The district court granted summary judgment for all defendants. We review this decision *de novo*. *Cockrell v. Sparks*, 510 F. 3d 1307, 1310-11 (11th Cir. 2007).

While incarcerated at the Carroll County Jail, plaintiff was attacked by another inmate. Plaintiff was taken to the jail's medical department and treated by a physician's assistant. The physician's assistant sutured plaintiff's lip and referred him to the emergency room, noting that plaintiff had a swollen left eye and a displaced nose. Plaintiff was transported to the emergency room where he was treated by an emergency medicine physician. The emergency room physician suspected that plaintiff had a left orbital fracture and ordered an x-ray of that area of the face. The emergency room physician did not diagnose plaintiff with a nasal fracture. After consulting with an ophthalmologist, the emergency room doctor gave plaintiff antibiotics, Tylenol for pain, instructed him to use a cool compress

and not to blow his nose and discharged him to the jail.

Plaintiff received follow-up care from a specialist at the Carrollton Eye Clinic for the orbital fracture. This doctor referred plaintiff to a facial cosmetic surgeon who specializes in repairs to the eye area.

One week later, plaintiff requested additional medical treatment from a particular doctor who had previously performed nasal surgery on him. That same day, the physician's assistant at the jail wrote an order for a consultation with this doctor. Shortly thereafter, defendants scheduled an appointment with the doctor, who examined plaintiff and referred him to another doctor for a possible rhinoplasty on his nose. Subsequently, plaintiff was diagnosed with a nasal fracture and underwent corrective surgery.

Plaintiff's claim is that the various prison officials and medical personnel failed to provide him with adequate care for his broken nose by virtue of the fact that he was not afforded the requisite surgery on the nose until well after the optimum two-to-three week period after the fracture occurred. The district court concluded that this claim did not satisfy the threshold requirement under Section 1983 for a "serious medical need" because, during the two-to-three week period following the attack, no doctor had diagnosed plaintiff's nose as requiring surgery and a lay person would not easily recognize the necessity for the surgery. A

serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Moreover, the district court concluded, plaintiff's fractured nose did not pose a substantial risk of serious harm to him if left unattended.

Furthermore, the district court held that even if the delay in the requisite surgery posed a serious medical need, no defendant acted with the requisite deliberate indifference to establish a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff failed to establish that any defendant had actual knowledge of a risk of serious harm to plaintiff during the time period before he was diagnosed with the nasal fracture. The jail defendants certainly did not have such knowledge, and the district court held that the medical defendants were all tending to plaintiff's more serious injury – the orbital fracture.[1] In the absence of such knowledge, it cannot be said that the defendants deliberately disregarded plaintiff's need for nasal surgery.

Our review of the record in this case and the district court's careful analysis of plaintiff's claim in the context of the treatment that he received demonstrate that there is no error in the district court's conclusion that no constitutional violation

---

[1]The district court dismissed plaintiff's claims against the county for failure to show any official policy or custom that led to the injury or the failure to treat it.

4

occurred in this case.[2]

Accordingly, the judgments of the district court are due to be **AFFIRMED.**

---

[2]We note only that there is a difference between medical malpractice and a constitutional injury.