[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14811
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-20358-RSR


ROBERT CONYERS,

Plaintiff-Appellant,

versus

UNITED STATES FISH AND WILDLIFE SERVICE,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 22, 2014)

Before WILSON, HILL, and FAY, Circuit Judges.

PER CURIAM:

Robert Conyers brought this action for malicious prosecution against the United States under the Federal Tort Claims Act.  The district court granted the United States' motion to dismiss for failure to state a claim and dismissed Conyers' complaint with prejudice.  Conyers brought this appeal.

I.

Robert Conyers is a licensed Miami animal broker who was hired to facilitate the transfer of primates from Guyana to Thailand.  The animals arrived in Miami and were subsequently shipped to China through Los Angeles.  At that time, an inspection revealed that only nine of the twenty-five primates had survived, the rest having died of dehydration and exposure to extreme temperatures.  The United States Fish and Wildlife Service (the "FWS") investigated the incident and declined to prosecute, but notified the Los Angeles City prosecutor's office of the matter.  The City Attorney's Office subsequently filed a ten-count criminal complaint against Conyers, alleging various charges of animal cruelty under the California Penal code.  Conyers was acquitted by a jury on all ten counts.  Thereafter, he filed this action against the United States[1]

II.

_____

[1] Initially, Conyers named the Fish and Wildlife Service as the defendant, but later he amended his complaint to name the United States as the correct defendant.

California law governs the defendant's liability in this case because the alleged misconduct occurred in California.  Under California law, in order to prevail on a claim for malicious prosecution, Conyers must be able to show that his prior prosecution was commenced by or at the direction of the defendant, was brought without probable cause and was initiated with malice.  *Siebel v. Mittlesteadt*, 41 Cal. 4th 735, 740 (2007).  The district court held that Conyers' complaint did not adequately allege these elements, thereby failing to meet the *Iqbal* requirement that the court be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   We agree.

First, the complaint alleges only that the defendant's investigation of the death of the animals "led to a criminal action being commenced against Conyers . . . ."  Nowhere does the complaint allege that any employee or agent of defendant actually directed or caused criminal charges to be filed.  The lack of such an allegation does not permit the reasonable inference that the defendant is liable for the alleged misconduct.

Conyers argues that California would not have prosecuted him without the witnesses and documents that FWS provided it, but, even if this were true, it does not amount to an allegation that the United States actually *caused* him to be prosecuted.  It is equally plausible that the City Attorney reviewed the evidence

3

and made an independent judgment whether to prosecute.   Therefore, the complaint does not sufficiently allege that the United States caused Conyers to be prosecuted.

This failing would be sufficient to require that the complaint be dismissed. Conyers, however, attached several exhibits to his response to the motion to dismiss that show that the City Prosecutor approached FWS and other sources to obtain the information upon which he made the decision to prosecute.  These documents make clear that the FWS was not involved in the City's decision to prosecute Conyers.

The district court noted that it was not required to ignore these filings in determining whether amendment of the complaint would be futile.  For this reason, the district court dismissed the complaint with prejudice.  We agree.  There is no requirement to permit a futile amendment to a plaintiff's complaint.  *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Although the district court's judgment of dismissal may be affirmed on this ground alone, we note that the district court also concluded that the complaint fails to make the required allegation that the United States acted with malice in its conduct in this case.  Conyers' contention that the filing of charges without probable cause is sufficient to establish malice is incorrect under California law. *See Silas v. Arden*, 152 Cal. Rptr. 255, 267 (Ct. App. 2012).  There must be

4

sufficient allegations of either actual hostility or ill will on the part of the defendant, or allegation of an intent to deliberately misuse the legal process for personal gain to support a claim for malicious prosecution. *Id.* Conyers' complaint contains no such allegations. Therefore, the complaint was correctly dismissed for this failing as well.

### III.

For the foregoing reasons, the judgment of dismissal entered by the district court is due to be

AFFIRMED.