**Kelvin RANCE, Plaintiff–Appellant,**

v.

**VILLAGE OF PALM SPRINGS, Florida, CPL Joseph Derogatis, Defendants–Appellees.**

**No. 15–13436**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 14, 2016.

Kelvin Rance, Lake Worth, FL, pro se.

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Kelvin Rance appeals *pro se* the *sua sponte* dismissal of his complaint against police officers for the Village of Palm Springs. 28 U.S.C. § 1915(e)(2)(B). Rance complained that the officers unlawfully searched and seized him and falsely imprisoned him. *See* 42 U.S.C. § 1983. Rance later filed a proposed amended complaint alleging virtually the same facts and claims for relief. The district court dismissed Rance's complaint for failure to state a claim and denied as moot his motion to amend his complaint. We affirm.

Rance's complaint stemmed from an incident early in the morning on December 5, 2014, when police officers approached Rance while he was sitting in the driver's seat of a vehicle parked on the shoulder of Almar Road in Palm Springs. Rance alleged that Corporal Joseph Derogatis unlawfully detained and falsely imprisoned him when, at 1:46 a.m., Corporal Derogatis parked his vehicle "nose to nose" with Rance's vehicle, and at 1:47 a.m., a second patrol car "blocked [Rance's] vehicle in from the rear." Rance alleged that Corporal Derogatis conducted an unlawful search and seizure by shining his flashlight on Rance, requesting that Rance roll down his window and produce his driver's license, checking his criminal history, and requiring him to undergo a field sobriety test even though he "did not have any intoxicant(s) or contraband" in his vehicle and had not consumed any "intoxicants." Rance alleged that Corporal Derogatis did not search Rance or his vehicle and "released [him] at approximately 2:00 a.m."

We apply two standards of review in this appeal. We review *de novo* the *sua sponte* dismissal of a complaint for failure to state a claim. *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir.2008). We review the denial of leave to amend a complaint for abuse of discretion, but "we exercise *de novo* review as to the underlying legal conclusion that an amendment to the complaint would be futile." *SFM Holdings, Ltd. v.*

*Banc of Am. Sec., LLC,* 600 F.3d 1334, 1336 (11th Cir.2010).

The district court did not err by dismissing Rance's complaint. Consistent with the Fourth Amendment, "[o]fficers are free, without any level of suspicion, to approach citizens on the street or in a public place and ask them questions [and] request proof of identification...." *Miller v. Harget,* 458 F.3d 1251, 1257 (11th Cir. 2006). Corporal Derogatis was entitled to approach Rance, illuminate the interior of his vehicle, and inquire why he was parked on the side of the road in the early morning. *See United States v. Purcell,* 236 F.3d 1274, 1277–78 (11th Cir.2001). And the length of Rance's detention did not violate the Fourth Amendment: "A detention of fourteen minutes is certainly not unreasonable on its face." *Id.* at 1277. That Corporal Derogatis required Rance to undergo a field sobriety test after which he was released without penalty caused, at most, a *de minimis* violation of the prohibition against unreasonable seizures. *See Ingraham v. Wright,* 430 U.S. 651, 674, 97 S.Ct. 1401, 1414, 51 L.Ed.2d 711 (1977) ("There is ... a *de minimis* level of imposition with which the Constitution is not concerned."). Rance also was not falsely imprisoned in violation of his right to due process under the Fourteenth Amendment because the officers released him immediately after determining that he was not intoxicated. *See Campbell v. Johnson,* 586 F.3d 835, 840 (11th Cir.2009).

The district court did not abuse its discretion when it denied as moot Rance's motion to amend his complaint. The district court "consider[ed] both Rance's Complaint and proposed Amended Complaint for purposes of examining whether [his] action should be dismissed." "Leave to amend a 'complaint is futile when the complaint as amended would still be properly dismissed[.]" *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir.2007). Rance's motion to amend was futile.

We **AFFIRM** the dismissal of Rance's complaint.