[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10416
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00373-KD-N

MICKEL SHEPHERD,

Plaintiff-Appellant,

versus

STAN WILSON, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(October 6, 2016)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Mickel Shepherd appeals from a final order of the United States District Court for the Southern District of Alabama's granting Defendants-Appellees Stan Wilson, Richard Stringer, Aaron Carpenter, and Clarke-Washington Electric Cooperative's motion to dismiss as to Shepherd's federal claims and denying Shepherd's motion for leave to amend the complaint and motion for an extension of time to file objections to the Magistrate Judge's Report and Recommendation ("R&R"). After careful review of the briefs and the record, we affirm.

## I.  BACKGROUND

Shepherd's complaint alleges in relevant part that Shepherd was beaten and falsely arrested at the annual meeting of the Clarke-Washington Electric Cooperative ("the Cooperative") on September 13, 2011 in Chatom, Alabama "for simply desiring to speak and contest the minutes."  DE 1:1. Shepherd further alleged that criminal prosecution was subsequently initiated against him by the town of Chatom in Alabama state court at the urging of Defendants. Based on these events, Shepherd alleged various causes of action arising under 42 U.S.C. § 1983 for deprivation of federal constitutional rights as well as rights established under Alabama state law and local law.

2

Upon Defendants-Appellees' motion to dismiss, the Magistrate Judge issued a R&R on December 21, 2015 making the following recommendations: dismissal of Shepherd's claims against Carpenter because the complaint "failed to present any factual allegations plausibly suggesting that Carpenter is liable for any of Shepherd's § 1983 claims;" dismissal of Shepherd's claims against Carpenter and Stringer as time-barred under Alabama's two-year statute of limitations for torts; and dismissal of Shepherd's claims against Wilson and the Cooperative for failure to allege sufficient facts plausibly suggesting that either the Cooperative or Wilson, the Executive Director of the Cooperative, is a "state actor" subject to liability under § 1983. The R&R also recommended: denial of Shepherd's motion for leave to amend the complaint as futile; denial of Shepherd's request to engage in discovery prior to dismissal of his claims as futile; and dismissal without prejudice of Shepherd's remaining state and local claims for lack of subject matter jurisdiction.

Shepherd failed to timely file any effective objections to the R&R. Rather, Shepherd filed a motion for an extension of time to file objections, which the district court denied.[1] The district court then adopted the R&R and entered judgment for Defendants-Appellees. This appeal timely followed.

---

[1]    Shepherd's motion requested additional time to respond to the R&R and asserted what Shepherd termed a "blanket objection" to the R&R. DE 49. Specifically, after moving "to allow the Plaintiff more time to OBJECT more specifically to the December, 2015- Report &

## II.  **Standard of Review**

We review a district court's ruling on a Rule 12(b)(6) motion to dismiss <u>de novo</u>. <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004). When evaluating a motion to dismiss, we look to see whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. <u>Surtain v. Hamlin Terrace Found.</u>, 789 F.3d 1239, 1245 (11th Cir. 2015).

"A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense." Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). When a party fails to object to a magistrate judge's report, we review only for plain error and only if necessary in the interests of justice. 11th Cir. R. 3–1. Under plain error review, we can correct an error only when (1) an error has

---

Recommendation- Document #48 in the file" and requesting "a mailed copy of said R & R document which due to electronic technical problems the undersigned legal counsel was unable to retrieve," Shepherd "filed" "in the alternative" "a BLANKET objection." DE 49:1. The total substance of this perfunctory "blanket objection" was the following two sentences: "The Plaintiff's case is not Time Barred due to the fact that the mistreatment by the Defendants existed up until the date this legal action was filed. The Amended Complaint should not be *Denied* because there are many legal theories which support the Plaintiff's Complaint as Amended against all Defendants." DE 49:1. The district court, relying on <u>Marsden v. Moore</u>, 847 F.2d 1536, 1148 (11th Cir. 1988), declined to consider these would-be objections on grounds that "[f]rivolous, conclusive, or general objections need not be considered." DE 51:1 n.1. We agree with the district court that this "blanket objection" was not an effective objection to the R&R.

4

occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1329 (11th Cir. 1999).

We review a district court's denial of leave to amend a complaint for abuse of discretion. Jennings v. BIC Corp., 181 F.3d 1250, 1258 (11th Cir. 1999).

We review a district court's denial of a motion for an extension of time pursuant to Rule 6(b) for abuse of discretion. Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 997 (11th Cir. 1997); see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 895–98 (1990).

## III.  DISCUSSION

On appeal, Shepherd advances three arguments.[2] First, he argues that the district court erred in dismissing his claims against Carpenter and Stringer on statute of limitations grounds. Second, he argues that the district court erred in denying his request for an extension of time to object to the R&R. Finally, he argues that the district court abused its discretion in denying his motion for leave to amend his original complaint.

Shepherd's appellate briefing does not challenge the district court's dismissal of his § 1983 claims against the Cooperative and Wilson. Nor does

---

[2]    These arguments have been re-ordered for clarity and logical flow.

Shepherd challenge the district court's dismissal of his § 1983 claims against Carpenter. Therefore, the only federal claims that remain on appeal are Shepherd's § 1983 claims against Stringer.

### 1. Dismissal of Shepherd's § 1983 Claims Against Stringer

Shepherd first argues on appeal that the district court erred in dismissing his claims against Stringer.[3] The Magistrate Judge recommended dismissing Shepherd's § 1983 claims against Stringer because they were barred by the statute of limitations. As noted above, Shepherd failed to file any objections to the R&R and the district court adopted the R&R without modification. Therefore, we review the district court's dismissal of Shepherd's claims against Stringer for plain error.

Section 1983 provides a federal cause of action for persons subjected to the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. "[I]n several respects relevant here[,] federal law looks to the law of the State in which the cause of action arose." Wallace v. Kato, 549 U.S. 384, 387 (2007).

---

[3] Shepherd's appellate briefing also argues that the district court erred in dismissing his § 1983 claims against defendant Carpenter on statute of limitations grounds. However, Shepherd does not challenge the district court's conclusion that Carpenter is not a state actor subject to liability under § 1983. Because Shepherd has abandoned any argument that he can recover against Carpenter under § 1983, we do not consider his argument that the district court erred in dismissing Shepherd's § 1983 claims against Carpenter on statute of limitations grounds.

"This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." Id.

While the length of the statute of limitations is determined by reference to State law, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Id. at 388. "Aspects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles." Id. "Under those principles, it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Id. (citations and internal marks omitted).

The statute of limitations for a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment begins to run "at the time the claimant becomes detained pursuant to legal process." Id. at 397.

In the instant case, the parties agree that the cause of action arose in Alabama, that the length of the relevant statute of limitations is provided by Alabama law, and that Alabama law provides that the length of the statute of limitations for personal injury actions is two years. Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d 1209, 1219 (11th Cir. 2001) (citing ALA. CODE § 6-2-38). Thus, in the instant case, both parties agree that the statute of limitations runs for two years from the time Shepherd was "detained pursuant to legal process."

Shepherd claims on appeal that his § 1983 claims are timely because the statute of limitations did not accrue "until after September 2, 2014 when the Washington County Circuit Court dismissed the charges against Mr. Shepherd and ruled in his favor after an appeal." Appellant Br. at 16. Shepherd offers no argument to explain how the Washington County Circuit Court's *dismissal* of criminal charges against Shepherd amounts to "detention pursuant to legal process" for the purposes of running the statute of limitations. Nor does he explain why the district court erred in concluding that the statute of limitations began to run when Shepherd was arrested.

We conclude that the district court did not err in determining that Shepherd's § 1983 claims against Stringer are barred by the two-year Alabama statute of limitations. Shepherd was detained pursuant to legal process when he was arrested on September 13, 2011.  Therefore, the two-year Alabama statute of limitations for any § 1983 claims alleging a violation of the Fourth Amendment arising out of that arrest expired on September 13, 2013. Shepherd's complaint was filed well after that date on July 27, 2015.

## 2.    Denial of Shepherd's Motion for Extension of Time

Next, Shepherd argues that the district court erred in denying his request for an extension of time to object to the R&R.

8

Rule 6(b)(1)(B) provides in relevant part that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A).

In the instant case, the R&R was electronically docketed and notice served to parties on December 22, 2015. Pursuant to Rule 72(b)(2), objections were due within 14 days on January 5, 2016. Shepherd filed his motion for an extension on January 5 at 7:04 p.m., the night of the deadline. Counsel indicated in the motion that she had had difficulty accessing the R&R "due to electronic technical problems." DE 50:1.

On review of the motion, the district court noted that "it is obvious" that Shepherd's counsel had access "at some point" to the R&R because the motion briefly addressed the merits of the R&R and because counsel was aware of the deadline for filing objections.  The district court also noted that Shepherd's counsel was able to electronically file the motion to extend without any difficulties. The district court further noted that counsel's motion for an extension came only five hours prior to the deadline. In consideration of all of these factors, the district court determined that Shepherd had failed to show "good cause" sufficient to warrant an extension of time under Rule 6(b).

9

On appeal, Shepherd argues that the district court denied his motion "in haste" and "without any proper consideration of Fed. R. Civ. P. 6(b)." Appellant's Br. at 28. Shepherd further claims that the motion should have been granted because it "would not be [have been] unduly prejudicial to Defendants." Appellant's Br. at 27.

We disagree. The district court gave adequate consideration to Shepherd's motion for an extension and the relevant circumstances and denied the motion because Shepherd failed to show "good cause." We conclude that the district court did not abuse its discretion in denying Shepherd's motion for an extension of time.

### 3.    Denial of Shepherd's Motion for Leave to Amend

Finally, Shepherd argues that the district court abused its discretion in denying his motion for leave to amend. The Magistrate Judge recommended dismissal of Shepherd's motion for leave to amend on grounds of futility. As noted above, Shepherd failed to file any objections to the Magistrate's R&R and the district court adopted the R&R without modification. Therefore, we review the district court's denial of Shepherd's motion for leave to amend for plain error.

Federal Rule of Civil Procedure 15(a) provides that a district court should freely give leave to a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). However, a district court need not allow an amendment where it would be "futile." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

10

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Id.

In the instant case, the Magistrate Judge recommended that Shepherd's motion for leave to amend be denied because the proposed amended complaint did not materially differ from the original complaint. Specifically, the Magistrate Judge concluded that the federal claims in the proposed amended complaint, no less than those in the original complaint, would be subject to dismissal under Rule 12(b)(6) because "[t]he Cooperative and Wilson would still not be considered state actors subject to liability under § 1983; the Complaint would still fail to set forth any reasonably specific facts plausibly indicting how Carpenter was involved in any of the events underlying Shepherd's federal claims, or how Stringer was involved in Shepherd's criminal prosecution following his arrest; [and] Shepherd's federal claims against Stringer and Carpenter would still be time-barred under Alabama's two-year statute of limitations." DE 48:18.

On appeal, Shepherd claims that the district court erred in denying his motion to amend because his proposed amended complaint would have stated a claim. Shepherd's briefing recites the basic factual allegations underlying the complaint but fails to explain how the proposed amended complaint would overcome the fatal deficiencies identified by the Magistrate Judge.

11

We conclude that the district court did not err in denying Shepherd's motion for leave to amend his complaint.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.