[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10513
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-02518-CEH-EAJ


ROBERT LEE STUNZIG, JR.,

Plaintiff-Appellant,

versus

JESSICA FLAMMER KOCH,
State Attorney,
PHILLIP FEDERICO,
Judicial Officer,
CHRIS HELINGER,
Judicial Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 3, 2017)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Robert Stunzig, Jr., proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action against Judge Chris Helinger, Judge Philip Federico, and Assistant State Attorney Jessica Koch, in which he alleges Fourth, Sixth, Eighth, and Fourteenth Amendment violations arising out of the disposition of a previous state criminal trial in which Stunzig was the defendant.  The court dismissed the amended complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), without addressing his second amended complaint.  On appeal, Stunzig argues that he stated sufficient facts to support the constitutional violations alleged.  After review,[1] we affirm.

## I. DISCUSSION

Though we liberally construe Stunzig's pro se pleadings, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), he has still not alleged sufficient facts to state a claim against any of the defendants, *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (stating a complaint must provide more than "labels and conclusions" in order to state a claim).  Stunzig's complaint only discusses his

---

[1] A district court's sua sponte dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is reviewed *de novo*, using the same standards that govern Fed. R. Civ. P. 12(b)(6) dismissals. *Mitchell v. Farcass*, 112 F.3d 1483, 1489–90 (11th Cir. 1997).  We generally review the denial of a motion to amend a complaint for an abuse of discretion but review questions of law *de novo*. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007).

inability to cross-examine witnesses during pretrial proceedings, and thus he fails to state a claim for Sixth Amendment Confrontation Clause violations. *United States v. Campbell*, 743 F.3d 802, 806–07 (11th Cir. 2014) (noting the Supreme Court has never held a defendant's Confrontation Clause rights extend beyond trial). Stunzig also fails to state a claim for due process violations because he did not link a particular defendant to these violations. *Iqbal*, 556 U.S. at 678. As to his malicious prosecution claim against Koch, Stunzig fails to state facts sufficient to show that there was no probable cause for his arrest or that Koch pursued his criminal prosecution with malice. *Kjellsen v. Mills*, 517 F.3d 1232, 1237 (11th Cir. 2008) (holding that to state a § 1983 claim for malicious prosecution, the plaintiff must show, inter alia, that the defendant instituted or continued a criminal prosecution with malice and without probable cause). Stunzig merely alleges he was prosecuted for a crime under Florida law and that he was acquitted. There are no facts in his complaint to substantiate his bare assertions that his constitutional rights were violated. Furthermore, the district court did not err in denying leave to amend because Stunzig's second amended complaint demonstrates amendment would have been futile, as the allegations there are equally conclusory and devoid of factual content. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed . . . .").

3

## II. CONCLUSION

Accordingly, the district court did not err in dismissing Stunzig's § 1983 action.[2]

**AFFIRMED.**

---

[2] We also deny Stunzig's "Motion for Default Judgment" and "Supplement of Default Judgment," in which he moves us to grant "the relief requested in the original complaint" due to the Appellees' failure to file an appellate brief, pointing to Fed. R. Civ. P. 55. However, the rules applicable to this Court do not provide for such relief. *See* Fed. R. App. P. 31(c) ("An appellee who fails to file a brief will not be heard at oral argument unless the court grants permission.").