[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12479
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-62449-WPD

JIMMY JEAN-BAPTISTE NOEL,

Plaintiff-Appellant,

versus

BENJAMIN C. LEDBETTER,
Ft. Lauderdale Police Officer,
JONATHAN MILLER,
Ft. Lauderdale Police Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 17, 2018)

Before TJOFLAT, WILLIAM PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Jimmy Jean-Baptiste Noel, a state prisoner, appeals *pro se* the *sua sponte* dismissal of his complaint against Officers Benjamin C. Ledbetter and Jonathan Miller of the Fort Lauderdale Police Department and Jimy Jean-Baptiste. 42 U.S.C. § 1983. The district court dismissed Noel's complaint for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), and denied Noel's motion for leave to amend his complaint as futile. We affirm.

Noel complained that Jean-Baptiste and Officers Ledbetter and Miller had "violated his right under the Constitution . . . and laws of the United States." Noel alleged that the officers failed to investigate Jean-Baptiste's offenses and colluded with Jean-Baptiste to falsely incriminate Noel. Noel alleged that Jean-Baptiste, who was under the influence of drugs and alcohol, attempted to assault Noel with a handgun outside a liquor store, shot at Noel and at Noel's white Chevrolet Lumina several times, fled the scene in his BMW vehicle and, while being pursued by Noel, struck a red Pontiac vehicle. Noel attached to his complaint Ledbetter's police report, witness statements, Jean-Baptiste's affidavit, and Miller's police report, all of which blamed Noel for the misdeeds.

Ledbetter reported that, while he was en route to investigate a white Chevrolet Lumina that had crashed and been abandoned, dispatch rerouted him to Sunrise Boulevard where Jean-Baptiste and a witness stated that the Lumina had struck Jean-Baptiste's BMW and sped away. Jean-Baptiste stated that Noel's

2

Lumina almost backed into the BMW outside a liquor store; that Noel was intoxicated, threatened to take the BMW, and slapped Jean-Baptiste; that Noel pursued Jean-Baptiste when he sped away after hearing gunshots; that Noel struck the BMW, which caused it to crash; and that Noel hit a red Pontiac as he fled from the scene. Ledbetter also reported that Jean-Baptiste had a handgun in his BMW, which he had a permit to carry, and that officers seized the gun and observed that it did not appear to have been fired. And Ledbetter reported that, while he was at the scene, Noel called the dispatcher several times to state that he was the victim of the accident and to arrange to meet officers in different locations where he never appeared.

Noel moved unsuccessfully for leave to file an amended complaint. Noel complained that Jean-Baptiste and the officers had violated his rights "[t]o petition the government for a redress of grievances under the First Amendment"; to avoid "unreasonable search and seizures under the Fourth Amendment"; "to be twice put in jeopardy[,] . . . [to be] compelled . . . to be a witness against himself[,] . . . [and to] be deprived of . . . due process of law under the Fifth Amendment"; "to be informed of . . . the case . . . [and] confronted with the wit[]nesses against him[,] to have compulsory process for obtaining wit[]nesses . . . and to have assistance of counsel for his defen[s]e under the Sixth Amendment"; to be free from "cruel and unusual punishment under the Eighth Amendment"; and to enjoy "[t]he equal

3

protection of the law under the Fourteenth Amendment[.]" Noel provided additional details about his encounter with Jean-Baptiste, and Noel blamed Jean-Baptiste for calling dispatch during Ledbetter's investigation. Noel also alleged that he had retained an attorney who learned that Jean-Baptiste's BMW was registered to law enforcement and who told Noel that "the State Attorney Office would not be filing criminal charges against [him] or . . . arrest[] [him] for this incident."

We apply two standards of review in this appeal. We review *de novo* the *sua sponte* dismissal of a complaint for failure to state a claim. *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir.), *cert. denied*, 138 S. Ct. 557 (2017). We review the denial of leave to amend a complaint for abuse of discretion, but "we exercise *de novo* review as to the underlying legal conclusion that an amendment to the complaint would be futile." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010).

The district court did not err by dismissing Noel's complaint. "A successful section 1983 action requires that the plaintiff show he was deprived of a federal right by a person acting under color of state law." *Myers v. Bowman*, 713 F.3d 1319, 1329 (11th Cir. 2013) (alteration adopted) (quoting *Almand v. DeKalb Cnty., Ga.*, 103 F.3d 1510, 1513 (11th Cir. 1997)). Noel failed to allege facts that plausibly suggested that Jean-Baptiste was employed by or had authority to act on

behalf of the state. *See id.* at 1329–30. Noel's conclusory allegation that Jean-Baptiste had an "affiliation with [the] Fort Lauderdale police department" did not establish that Jean-Baptiste was a state actor. *See Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir.1992). Noel also failed to state a claim that his constitutional rights were violated by Jean-Baptiste, Ledbetter, or Miller because Noel failed to "identify [any] specific constitutional right [Jean-Baptiste or the officers] allegedly infringed." *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). The district court read Noel's complaint liberally to also allege a claim for malicious prosecution against the officers, but that claim failed on its merits because, as Noel admitted, criminal charges were never filed against him. *See Black v. Wigington*, 811 F.3d 1259, 1266 (11th Cir. 2016).

The district court also did not err by denying Noel's motion to amend. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed[.]" *Evans*, 850 F.3d at 1254 (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Noel's proposed amended complaint alleged that Jean-Baptiste and the officers violated several of his constitutional rights, but Noel failed to identify which defendant violated which right or to explain how the facts he alleged established a violation of any particular constitutional right. Noel's disagreement with the police reports and his speculation that the officers sided with Jean-Baptiste because his car was registered to law enforcement does not establish

that the officers infringed on a right guaranteed to Noel under the Constitution. *See*

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be

enough to raise a right to relief above the speculative level[.]"). And even if Jean-

Baptiste's car was registered to a law enforcement agency, that fact, without more,

did not establish that he was a state actor instead of a purely private actor. *See*

*Myers*, 713 F.3d at 1330. Noel argues, for the first time on appeal, that Jean-

Baptiste is an undercover police officer, but we will not consider an argument that

Noel did not raise in the district court. *See Access Now, Inc. v. Sw. Airlines Co.*,

385 F.3d 1324, 1331 (11th Cir. 2004).

We **AFFIRM** the dismissal of Noel's complaint.

6