[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16947
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-20004-DLG

HILDA CARDELLE,

Plaintiff-Appellant,

versus

MIAMI-DADE COUNTY,
A Municipal Entity,
MIAMI-DADE POLICE DEPARTMENT,
J.D. Patterson in his official capacity
as Director,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 17, 2018)

Before TJOFLAT, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Hilda Cardelle appeals the dismissal with prejudice of her complaint alleging violations of the Due Process Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, and intentional infliction of emotional distress. The District Court found that it lacked subject-matter jurisdiction over Cardelle's claims because her suit was barred by the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923). On appeal, she argues that the *Rooker-Feldman* doctrine does not apply in her case because she raises claims on appeal that she could not during her state-court proceedings. Further, she contends that her due process claims are not inextricably intertwined with the state court's judgment because she is not seeking to undo the state-court judgment. She also contends that the state court's judgment was tainted by extrinsic fraud. Finally, she argues that the District Court should have allowed her to amend her complaint because it would not have been futile.

## I.

Application of *Rooker-Feldman* is a threshold jurisdictional matter. *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 (11th Cir. 2010). We review the district court's application of the *Rooker-Feldman* doctrine *de novo*. *Lozman v.*

*City of Riviera Beach*, *Fla.*, 713 F.3d 1066, 1069 (11th Cir. 2013). However, we review a district court's findings of jurisdictional fact for clear error. *Carmichael v. Kellogg, Brown & Root Servs, Inc.*, 572 F.3d 1271, 1279–80 (11th Cir. 2009). The party invoking subject-matter jurisdiction bears the burden of proving its existence. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

Alone among the federal courts, only the Supreme Court may exercise appellate authority to reverse or modify a state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284–85, 125 S. Ct. 1517, 1522 (2005). Accordingly, the *Rooker-Feldman* doctrine holds that federal district courts and courts of appeals lack jurisdiction to review the final judgment of a state court. *Lozman*, 713 F.3d at 1072.

The *Rooker-Feldman* doctrine applies "both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). The doctrine does not apply if a party did not have a "reasonable opportunity to raise his federal claim in state proceedings." *Id.* A claim brought in federal court is inextricably intertwined with a state-court judgment if it would "effectively nullify" the state-court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues." *Id.*

3

Here, the *Rooker-Feldman* doctrine deprives us of subject-matter jurisdiction over Cardelle's claims. We can only grant the relief she is requesting by determining that the state court wrongly decided the issue of whether she had a proprietary interest in the seized funds. Accordingly, her claims are inextricably intertwined with the state court's judgment. Moreover, she could have raised her due process claims before the state court. We have long recognized that state courts are competent to decide questions of federal constitutional law. *See, e.g.*, *Feldman*, 460 U.S. at 483 n.16, 103 S. Ct. at 1316 n.16. Consequently, the District Court did not err in dismissing her complaint on *Rooker-Feldman* grounds.

## II.

Generally, we review the denial of a motion to amend a complaint for an abuse of discretion. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). However, questions of law, such as whether an amendment would be futile, are reviewed *de novo*. *Id*.

Federal Rule of Civil Procedure 15(a) states that "[a] party may amend the party's pleading once as a matter of course within 21 days after serving it," or after the earlier service of any responsive pleading or service of a Fed. R. Civ. P. 12(b) motion, but in all other cases a party may amend its pleading only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(1), (a)(2). The district court "should freely give leave when justice so requires." *Id.*

However, where a more carefully drafted complaint could not state a claim and amendment would be futile, dismissal with prejudice is proper. *See Cockrell*, 510 F.3d at 1310.

Here, the District Court did not err in dismissing Cardelle's complaint with prejudice because no amendment would have helped her overcome its jurisdictional deficiencies. Accordingly, we affirm.

**AFFIRMED.**