[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10712
_____

D.C. Docket No. 2:17-cv-00255-RWS

JULIO CESAR ROJAS-GUEVARA,

Plaintiff-Appellant,

versus

HEATHER N. DUNN,
individually,
JESSICA MASON,
individually,
JOHN DOE,
individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 22, 2020)

Before WILSON and JILL PRYOR, Circuit Judges, and CORRIGAN,[*] District Judge.

PER CURIAM:

In 2015, Julio Rojas-Guevara was arrested and charged with statutory rape—a crime he did not commit.  He spent nearly two months in jail.  Four months later, the prosecutor abandoned the charge and admitted that Rojas-Guevara was arrested and detained in error.

Rojas-Guevara filed a complaint under 42 U.S.C. § 1983, alleging that the prosecutor, Heather Dunn, and an investigator in her office, Jessica Mason, were responsible for his unlawful arrest and detention.  Both defendants moved to dismiss his complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  In response, Rojas-Guevara moved for leave to amend his complaint.  The district court granted the defendants' motions to dismiss, concluding that Rojas-Guevara's claims against Dunn were barred by absolute prosecutorial immunity and that he failed to state a claim against Mason.  The district court denied Rojas-Guevara's motion, finding that leave to amend the complaint would have been futile.

On appeal, Rojas-Guevara challenges the district court's conclusions that he failed to state a claim against Mason and that his proposed amended complaint was

---

[*] Honorable Timothy J. Corrigan, United States District Judge for the Middle District of Florida, sitting by designation.

futile.[1]  Undoubtedly, Rojas-Guevara was wronged when he was arrested, charged, and jailed for a crime he did not commit.  However, we agree with the district court that his complaint failed to state a claim against Mason and that leave to file his proposed amended complaint would have been futile.

**AFFIRMED.**

---

[1] We review de novo a district court's dismissal of a complaint under Rule 12(b)(6) for failure to state a claim.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam).  We review a district court's denial of a motion to amend for abuse of discretion, but we review de novo a decision that an amendment to a complaint would be futile.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).