[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13202

Non-Argument Calendar

_____

LARKIN LLOYD DERKS, III,

Plaintiff-Appellant,

*versus*

DR. RAMON BASSA, DR. FELIX CRUZ,

Defendants,

DR. ALEXIS FIGUEROA, CENTURION MEDICAL,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cv-00289-BJD-PDB

_____

Before GRANT, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

State prisoner Larkin L. Derks, proceeding pro se, appeals the district court's order dismissing his § 1983 claim of deliberate indifference in violation of the Eighth Amendment against Centurion Medical, LLC and its order granting summary judgment on that same claim against Dr. Alexis Figueroa. Because Derks failed to sufficiently plead a policy or custom of Centurion leading to the alleged violation of his constitutional right and failed to provide sufficient evidence of deliberate indifference, we affirm.

**I.**

Prior to his incarceration, Derks was injured in an automobile accident. He was subsequently treated by a specialist who recommended surgery but entered prison under the custody of the Florida Department of Corrections (FDOC) before having any surgery. While in prison, Derks continued to receive treatment from Centurion, which contracts with FDOC to provide medical care to inmates.

Frustrated with the medical care he received (particularly decisions not to follow specialist recommendations), Derks brought action against Centurion and three of its employees

alleging violations of his Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983 and violations of the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA). He alleges that defendants were deliberately indifferent to serious medical needs in violation of his Eighth Amendment rights.

The district court dismissed Derks's ADA, RA, and Fourteenth Amendment claims against all defendants for failure to state a claim. It also dismissed his Eighth Amendment claims for failure to state a claim against all but one defendant: Dr. Alexis Figueroa, a physician and Centurion employee who treated Derks. The district court later granted summary judgment in favor of Figueroa on the remaining Eighth Amendment claim. Derks appeals the district court's dismissal of his Eighth Amendment claim against Centurion and its summary judgment order on his Eighth Amendment claim against Figueroa.

## II.

We review the district court's grant of a motion to dismiss for failure to state a claim de novo, "accept[ing] the allegations in the complaint as true and constru[ing] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). To decide whether a complaint properly states a claim, a court must first disregard any conclusory allegations and then determine whether any remaining factual allegations, if assumed as true, "plausibly give rise to an entitlement to relief." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). While pro se complaints should be

construed liberally, they still must comply with the procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

A court must also give a pro se plaintiff at least one chance to amend his complaint when a more carefully drafted complaint might state a claim. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). But "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant," amendment is futile and need not be granted. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). We review a denial of a motion to amend based on futility de novo. *Id.*

Our decision in *Craig v. Floyd County* squarely controls this case. 643 F.3d 1306 (11th Cir. 2011). There, we held that a § 1983 claim against a private entity that contracts with a county to provide medical services to inmates is treated as a § 1983 claim against a municipality. *Id.* at 1310. Such entities cannot be liable under § 1983 based on a theory of respondeat superior; rather, a plaintiff must prove some policy or custom that caused his alleged harm. *Id.* This requirement can be met either directly through an official policy or indirectly through a "longstanding and widespread practice." *Id.* (quoting *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991)). "A single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several employees." *Id.* at 1311. And merely citing one's own personal experience, without more, is insufficient to show a longstanding and widespread practice. *See id.* at 1310–12; *Myrick v. Fulton County*, 69 F.4th 1277, 1299 (11th Cir. 2023).

Derks failed to sufficiently plead a policy or custom of Centurion that led to his harm. Because Centurion is a private entity contracting with FDOC to provide medical services to inmates, it is treated as a municipality under § 1983. *See Craig*, 643 F.3d at 1310. Derks's amended complaint alleges that Centurion has a policy or custom of refusing to comply with specialists' recommendations, but he points only to the deliberate indifference of three Centurion employees he experienced while receiving medical treatment. By only alleging his own personal experience with a few individual doctors, Derks failed to allege a "longstanding or widespread practice." *See Craig*, 643 F.3d at 1311 (quoting *Brown*, 923 F.2d at 1481).

Although Derks was already given a chance to amend his complaint, he argues that he should receive a second opportunity to amend. He does not, however, specify how any amendment could adequately plead a policy or custom. Any additional amendment would thus be futile, and the district court properly dismissed Derks's § 1983 claim against Centurion. *See Cockrell*, 510 F.3d at 1310.

## III.

We review a district court's order granting summary judgment de novo, construing all evidence and drawing all reasonable inferences in favor of the nonmovant. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). Summary judgment is appropriate if "there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Eighth Amendment prohibits deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must show "(1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). Deliberate indifference is not a simple difference in medical opinions. *Keohane v. Florida Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020). Rather, a plaintiff must show that a defendant acted with more than gross negligence. *Wade v. McDade*, 67 F.4th 1363, 1374 (11th Cir. 2023).

Derks alleges that Figueroa was deliberately indifferent to his serious medical needs and thus violated his Eighth Amendment rights. He points to three instances to support his claim: (1) Figueroa's failure to reissue medical passes; (2) Figueroa's failure to follow specialist recommendations regarding his back and shoulder; and (3) Figueroa's failure to conduct a left elbow x-ray after telling Derks one was needed. For each of these allegations, the record lacks any evidence that Figueroa knowingly failed to provide adequate care. Instead, the record shows that Figueroa renewed Derks's medical passes according to policy, that he examined Derks every six months and prescribed him medication for his pain, and that Derks lacked any valid medical need for a left elbow x-ray. Any deviation from specialists' recommendations

was, at most, a difference in medical opinion. Nothing in the record suggests that Figueroa's treatment was deliberately indifferent. The district court thus properly granted summary judgment for Figueroa.

★    ★    ★

By failing to sufficiently plead a policy or custom of Centurion, Derks's § 1983 claim alleging deliberate indifference against Centurion fails as a matter of law. Derks's § 1983 claim against Figueroa was properly dismissed at summary judgment because the record lacks any evidence to support deliberate indifference. We thus AFFIRM the district court's motion to dismiss and summary judgment orders.

**AFFIRMED.**