[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17730
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00066-LGW-RSB


DWIGHT K. SIFFORD,

                                                        Plaintiff-Appellant,

versus

WARDEN,
ANDREA FORD,
Warden/Care/Treatment,
RICKY STONE,
Chief Care/Treatment,
DEBORAH STEWART,
Heatlh Service Admin,
ASSISTANT WARDEN, et al.,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 6, 2017)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Dwight K. Sifford, a state prisoner proceeding *pro se*, appeals the *sua sponte* dismissal, pursuant to 28 U.S.C. § 1915A, of his 42 U.S.C. § 1983 action for violations of the Eighth Amendment for failing to state a claim. On appeal, he argues that he successfully stated a *prima facie* case of deliberate indifference under the Eighth Amendment based on the medical care he received, and based on actions taken during a transfer from one facility to another. Additionally, he argues that he should have been allowed to amend his complaint.

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim for relief under 28 U.S.C. § 1915A(b). *Harden v. Pataki*, 320 F.3d 1289, 1292 (11th Cir. 2003). Although we review a district court's denial of a motion to amend for abuse of discretion, we review *de novo* a decision that a particular amendment to the complaint would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

To avoid dismissal for failure to state a claim on which relief can be granted, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint's factual allegations

2

must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To show a prison official acted with deliberate indifference, the plaintiff must first demonstrate an objectively serious medical need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (quotation omitted).

Once the plaintiff demonstrates serious medical need, he must show that the official acted with deliberate indifference toward that need. *Farrow*, 320 F.3d at 1243. Deliberate indifference involves three components: (1) the prison official's subjective knowledge of a risk of serious harm; (2) the official's disregard of that risk; and (3) conduct that is more than gross negligence. *Goebert*, 510 F.3d at 1326–27. Finally, the plaintiff must show that the prison official's deliberate indifference caused his injury. *Id.* at 1326.

Deliberate indifference must be more than an inadvertent failure to provide adequate medical care, negligence in diagnosis or treatment, or medical

3

malpractice. *See Estelle*, 429 U.S. at 105–06. Where an inmate receives medical treatment but desires different modes of treatment, the care provided does not amount to deliberate indifference. *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). A difference in medical opinion does not establish deliberate indifference. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). Whether governmental actors should have employed "additional diagnostic techniques or forms of treatment" is a "classic example of a matter for medical judgment" and, therefore, is not an appropriate basis for liability under the Eighth Amendment. *See Estelle*, 429 U.S. at 107 (holding that whether to order an x-ray or additional diagnostic treatment is a matter for medical judgment).

Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*). However, a district court need not allow even a *pro se* plaintiff leave to amend where amendment would be futile. *See Cockrell*, 510 F.3d at 1310. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.*

4

Here, the district court did not err by dismissing Sifford's complaint for failure to state a claim.  Sifford's allegations regarding the medication he received and his transfer following having teeth extracted involved his dissatisfaction with the method of his care, which is insufficient to demonstrate deliberate indifference under the Eighth Amendment.  *Hamm*, 744 F.2d at 1575.  Similarly, any failure to grant Sifford's request for a "chemical stress test" was a "classic example as a matter for medical judgment" and therefore not an appropriate basis for liability under the Eighth Amendment.  *See Estelle*, 429 U.S. at 107.  Further, Sifford failed to demonstrate that the prison officials acted with more than gross negligence in their use of "box-style" handcuffs during his transfer.  *Goebert*, 510 F.3d at 1326–27.  Nor did the district court err by implicitly denying Sifford's request to amend his complaint, as his proposed amendment would have been futile.

**AFFIRMED.**