[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11098

Non-Argument Calendar

_____

CRAIG FAISON,
MARY FAISON,
KE'OSHA AVERY,
OMAR GARRETT,

                                        Plaintiffs-Appellants,

versus

CLINTON W. RATLIFF,
WALMART STORES EAST LP,
d.b.a. Walmart, 7001 Concourse Pkwy,
Douglasville, GA
WALMART, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-00814-SCJ

_____

Before JORDAN, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Craig Faison, Mary Faison, Ke'osha Avery, and Omar Garrett appeal the district court's order dismissing their complaints with prejudice because they were shotgun pleadings.[1]  We affirm, but remand for the limited purpose of having the district court correct the judgment to dismiss without prejudice the state law claims over which it declined to exercise supplemental jurisdiction.

_____

[1] Craig, Mary, and Omar are family members and Ke'osha is Craig's fiancée. We refer to them together as the Faisons.  But we use their first names when referring to only one of them.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

On November 29, 2013, the Friday after Thanksgiving, the Faisons—an African-American family—went to a Walmart retail store during a "Black Friday" sales event. As the Faisons were leaving the store with their shopping bags, off-duty law enforcement officers hired by Walmart to provide security stopped the Faisons and asked them to show their receipts. The Faisons resisted the officers' request because they believed that the officers were discriminating against them based on their race. A physical confrontation between the Faisons and the officers followed. As a result, a Walmart manager directed the officers to remove the Faisons from the store.

After the Faisons left the store, some of the officers, including Officer Clinton Ratliff, approached them in the parking lot. The Faisons made written statements to the officers about how they had been mistreated in the store. Craig's, Ke'osha's and Mary's written statements included allegations that $500 had been stolen from Mary's purse during the confrontation inside the store. Specifically, Craig reported that "[d]uring all of this, there was a monetary theft of 500 [dollars] taken from my mother, Mary Faison's purse, which was left unattended due to the physical contact

---

[2] Because the district court dismissed the Faisons' complaints, we discuss the allegations in the light most favorable to them. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).

from the Sheriff[']s officers." Ke'osha wrote that Mary "left the buggie around the other officers . . . [and] . . . there were [$]500.00 missing out of her purse." And Mary reported that "several officers surrounded me and my family, slammed [me] against a wall, and reached in my purse and someone took $500.00."

After taking the Faisons' statements, Officer Ratliff spoke with Jill Bynum, Walmart's "Loss [Prevention] Manager." Bynum told Officer Ratliff that "she believed that [the Faisons] would . . . complain to the [Walmart] corporate office in hopes of getting money for the stolen $500.00 claim" because the Faisons had previously been awarded "money and merchandise by the corporate office" after they filed "complaints and claims." Bynum feared that future complaints against the Walmart store she managed would adversely impact her career.

Officer Ratliff then met with "Theresa," Walmart's General Store Manager, about potential complaints by the Faisons. Theresa requested that Officer Ratliff issue criminal trespass warnings against the Faisons. Theresa, like Bynum, feared that future complaints by the Faisons would adversely impact her career.

Officer Ratliff also feared that the Faisons would take further action in response to the incident. Officer Ratliff knew that Bynum and Theresa had decisionmaking authority over hiring off-duty law enforcement officers and therefore wanted to protect Bynum and Theresa from a potential complaint by the Faisons. Officer Ratliff also wanted to protect himself from a potential lawsuit by the Faisons.

For these reasons, Officer Ratliff charged the Faisons with making a false report of a crime to a law enforcement officer based on the reports they made to him after the incident. Officer Ratliff "swore out" a warrant for Omar's arrest based on his "false report of theft of money and battery" and warrants for Craig's, Ke'osha's, and Mary's arrests based on their "false[] report" of "a theft of money."

The Faisons were arrested after the state court issued the warrants. And the Faisons were later indicted for "unlawfully, knowingly, and willfully mak[ing] a false statement . . . that a [law enforcement officer] had stolen money from a citizen." But, on September 29, 2016, the state dropped the charges against Omar. And, on February 16, 2017, the charges against Craig, Ke'osha, and Mary were also dropped.

On October 2, 2018, Omar sued Officer Ratliff and Walmart. He asserted four claims: (1) "Federal Malicious Prosecution in violation of the Fourth Amendment's requirement that arrest and prosecution be based on objective evidence person charged a [sic] has probably committed the crime charged, without the need to show a prohibited malice or reason, or personal malice"; (2) "Federal malicious prosecution claim with evidence of malice in violation of other protected rights"; (3) "Deprivation of the right of familial association under the First Amendment, and in this case also the Thirteenth [A]mendment, to be free from arrest and prosecution without objective evidence of probable cause, on account of a

familial association, protected by the First Amendment"; and (4) malicious prosecution under Georgia law.

Walmart answered, raising a statute of limitations defense because the two-year statute of limitations expired on October 1, 2018, and Omar filed his complaint on October 2. In response, Omar sought discovery of the district court's electronic filing system software to prove that he had "uploaded" his complaint on October 1. The district court denied Omar's request. Omar moved for reconsideration, conceding that "the final submit entry did not occur" on October 1, but arguing that "a complaint uploaded is a complaint filed." The district court denied the motion for reconsideration and each of Omar's renewed requests for the same discovery.

On February 15, 2019, Craig, Ke'osha, and Mary sued Officer Ratliff and Walmart. Their first three claims mirrored Omar's. And, like Omar, Craig, Ke'osha, and Mary also asserted Georgia state law malicious prosecution claims. Craig, Ke'osha, and Mary asserted two additional claims: (1) a "[v]iolation of [r]ight to [c]ontract based on [r]ace" claim under 42 U.S.C. section 1981; and (2) a "malicious abuse of process" claim under 42 U.S.C. section 1983.

The district court consolidated the two cases. After discovery closed, Walmart filed a motion for summary judgment and the Faisons filed a motion for default judgment against Officer Ratliff because he did not answer the complaints. The district court (1) dismissed the complaints with prejudice, (2) denied the Faisons'

motion for default judgment, and (3) denied Walmart's motion for summary judgment as moot.

The district court dismissed the complaints with prejudice because they were shotgun pleadings, and any amendment, it found, would be futile. The complaints were shotgun pleadings, the district court explained, because: (1) "each count incorporated every antecedent allegation by reference into each subsequent claim for relief"; (2) the complaints were "replete with facts which read as a stream-of-consciousness and bear little or no relevance to the [Faisons'] claims"; (3) the district court was "unable to ascertain which claims [the Faisons] sought to raise against each Defendant and which of the Defendants [was] responsible for which acts or omissions" because "individual paragraphs include facts relating to both Walmart and [Officer] Ratliff"; and (4) the Faisons "fail[ed] to identify a specific statutory basis for the vast majority of their claims."

Any amendment of the Faisons' federal constitutional claims was futile, the district court explained, because they were barred by the two-year statute of limitations and res judicata and they would otherwise not survive summary judgment. The district court declined to exercise supplemental jurisdiction over the Faisons' remaining state law claims. And the district court denied the Faisons' motion for default judgment because (1) they had not complied with Federal Rule of Civil Procedure 55's procedural requirements, and (2) there were no well pleaded allegations that would support default judgment against Officer Ratliff.

## II.    STANDARD OF REVIEW

We review for an abuse of discretion the district court's dismissal of a complaint on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). And a district court's decision to deny leave to amend based on futility is a legal conclusion which we review de novo. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1236 (11th Cir. 2008).

## III.    DISCUSSION

The Faisons appeal the dismissal of their federal malicious prosecution claims.[3] They argue that the district court erred in dismissing their complaints as shotgun pleadings because "[m]any courts have refrained from ordering repleading in response to complaints that incorporated all preceding paragraphs into each count" when "the claims for relief are sufficiently related to the same set of facts." And the Faisons argue that amendment of their federal malicious prosecution claims would not have been futile because "[n]one of [their] statements say they saw an unidentified [officer] take money from a purse" and "[t]he jury should be allowed to determine probable cause."

---

[3] The Faisons do not challenge the district court's dismissal of their other, non-malicious-prosecution, federal constitutional claims.

### The Complaints Were Shotgun Pleadings

A shotgun pleading is a complaint that violates either [rule] 8(a)(2) or [r]ule 10(b), or both" and is "flatly forbidden." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). We have identified four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that does not separate each cause of action or claim for relief into a different count"; and (4) a complaint "that assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1324–25 (quotation marks omitted).

The Faisons' complaints fell into the first category of shotgun pleadings because every count incorporated by reference the allegations of the preceding counts. And their complaints also fell into the third category of shotgun pleadings because their federal malicious prosecution claims alleged "malicious prosecution," "First Amendment retaliation," and violations of the Thirteenth Amendment and each have their own elements of proof. *See, e.g.*, *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) ("[S]eparate, discrete causes of action should be plead in separate counts."). The Faisons' complaints are "quintessential

'shotgun' pleadings," *see Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002), and the district court did not abuse its discretion in dismissing either complaint on this basis.

*Amendment Was Futile*

The district court did not err in concluding that amending the complaint would have been futile. When a complaint is dismissed on shotgun pleading grounds, "we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies." *Vibe Micro*, 878 F.3d at 1295. But a district court doesn't have to allow an opportunity to amend "where further amendment would be futile." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (quotation marks omitted); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015) ("Prior to dismissing an action on its own motion, a court must provide the plaintiff with notice of its intent to dismiss and an opportunity to respond. . . . [Unless] amending the complaint would be futile . . . ."). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Here, any amended complaint would have been immediately subject to summary judgment for Walmart and Officer Ratliff. A plaintiff asserting a section 1983 claim for malicious prosecution must prove that law enforcement officers "instituted or continued a criminal prosecution against him[] with malice and

without probable cause." *Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020) (quotation marks omitted). The summary judgment evidence was undisputed that Officer Ratliff had probable cause to initiate a criminal prosecution against the Faisons for falsely reporting a crime.

Under Georgia law, "[a] person who willfully and knowingly gives or causes a false report of a crime to be given to any law enforcement officer . . . is guilty of a misdemeanor." O.C.G.A. § 16-10-26. Officer Ratliff wrote in his incident report that he spoke with the Faisons in the Walmart parking lot and that the Faisons "accused the [officers] of . . . stealing $500.00 from Mary Faison's purse" and "demanded to see the video of the incident at the door showing one of the [officers] taking money from [Mary's] purse." So Officer Ratliff gave the Faisons statement forms to fill out. Mary wrote in her report that "[s]everal officers surrounded me and my family, slammed me against a wall and reached in my purse and someone took $500.00." Craig wrote in his report that "there was a monetary theft of 500 [dollars] taken from my mother Mary Faison[']s purse which was left unattended due to physical contact from the sheriff's officers." And Ke'osha wrote in her report that Mary "left the buggie around other officers . . . as she went back to the buggie as her purse was left in the buggie there were [$]500.00 missing out of her purse & we have other witness video recording as well."

The undisputed summary judgment record shows that the Faisons falsely reported that $500 was stolen from Mary's purse.

Omar testified at his deposition that Mary had removed the money from her purse *before* the confrontation with the law enforcement officers occurred.  Mary gave the $500 to Omar before the incident, and when Omar "realized [he] didn't have the money" after the incident, he "tried to deflect" when Mary asked him for it by denying that she had given it to him because he knew that Mary would be angry at him for losing it.  The video evidence bore this out.  Officer Ratliff reviewed the Walmart security camera footage and it, too, showed that no one had stolen $500 from Mary's purse.[4]  And the state court judge, after reviewing the evidence, found that "probable cause existed" for Craig's, Ke'osha's, and Mary's arrests for making false statements.  The charges against Craig, Ke'osha, and Mary were dismissed only "for reasons of judicial economy," and not because of a lack of evidence to convict them.

The evidence, after a full opportunity for discovery, was undisputed that Officer Ratliff had probable cause for the false report arrests.    The    district    court    correctly    concluded    that    any

---

[4] The Faisons point to screenshots from the Walmart security camera footage of the incident that appear to show one of the officers pick something up from the floor and carry it in his hand as he followed the Faisons into the parking lot.  The Faisons argue that the screenshots create a triable issue of fact as to whether Officer Ratliff had probable cause to initiate a criminal prosecution against them.  But the screenshots do not create a triable issue of fact because the Faisons falsely reported that the money had been stolen out of Mary's purse by a police officer.  The video showed that didn't happen; no one stole anything from Mary's purse.

amendment to the Faisons' federal malicious prosecution claims to fix the shotgun pleading errors would have been futile.

### State Law Claims

Because the Faisons' complaints were dismissed as shotgun pleadings, the district court properly declined to exercise jurisdiction over their state law claims. *See Vibe Micro*, 878 F.3d at 1296 ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well."). But the dismissal of these claims "should have been without prejudice as to refiling in state court." *Id.* at 1296–97. We remand for the limited purpose of allowing the district court to correct the judgment so the state law claims are dismissed without prejudice.[5]

**AFFIRMED, LIMITED REMAND TO CORRECT CLERICAL ERROR.**

---

[5] Because we conclude that the district court properly dismissed the complaints as shotgun pleadings, we do not need to reach the other issues raised in the Faisons' brief.