**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-11175

Non-Argument Calendar

————————————

DANIEL A. FRISHBERG,

*Plaintiff-Appellant,*

*versus*

UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES,

HRSE-CAPSTONE TAMPA, LLC,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court

for the Middle District of Florida

D.C. Docket No. 8:24-cv-00022-TPB-NHA

————————————

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Appellant Daniel Frishberg attended the University of South Florida where he lived in one of the school's dormitories. Although the school generally prohibits students from having animals in dorm rooms, it granted a waiver that allowed Frishberg, who has a disability, to live with an emotional support animal, his cat. The school allowed Frishberg to keep the cat in his room but prohibited him from bringing it into the dorm's common areas. After Frishberg repeatedly brought the cat into common areas, the school directed that the cat could no longer live in the dorm. When Frishberg continued to keep the cat in the dorm, the school terminated his housing contract and punished him for violating the school's rules.

Frishberg, proceeding *pro* se, sued the school's board of trustees and a related entity. He brought claims under the Fair Housing Act, among other federal statutes, and Florida law. The district court dismissed the complaint. It concluded that it lacked subject matter jurisdiction because the defendants enjoyed Eleventh Amendment immunity.

On appeal, Frishberg argues that the district court erred because its order dismissing the complaint incorrectly recounted the timeline of certain events. He also says that the district court erred because it did not give him an opportunity to amend his complaint before dismissing the action. After careful consideration, we conclude that the district court did not err when it dismissed his original complaint, but it erred when it failed to give him an

opportunity to amend. Accordingly, we affirm in part and vacate and remand in part.

## I.

Frishberg was enrolled as a student at the University of South Florida.[1] He lived in an on-campus dorm, having agreed to the university's lease agreement.

The terms of the lease dictated the circumstances under which the school could cancel the lease. It could do so if it determined that canceling the lease was "in the best interest of order, health, conduct, safety, [or] security" or if a student failed to comply with a school "regulation[], polic[y], or directive[]." Doc. 1 at 36.[2]

Before moving into the dorm, Frishberg requested permission to live with an emotional support animal, his cat. The school generally does not permit students to bring animals into the dorms. But students with disabilities may receive a waiver from the school that allows them to live with an assistance animal. Under the school's policy governing animals on campus, an assistance animal includes an animal that provides "emotional support that alleviates one or more identified symptoms or effects of a person's disability." *Id.* at 41. The school's policy requires an assistance animal to "be

---

[1] "At the motion to dismiss stage, we accept the well-pleaded allegations in the complaint as true and view them in the light most favorable to" Frishberg. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1218 n.2 (11th Cir. 2016).

[2] "Doc." numbers refer to the district court's docket entries.

contained within the private residential area (room, suite, and/or apartment) of [the student] **at all times** except when transported outside the private residential area in an animal carrier or controlled by leash or harness." *Id.* at 42 (emphasis added). An assistance animal is "not permitted in public spaces, classrooms, or work places." *Id.*[3]

When Frishberg requested permission to live with his cat in the dorm, he was required to submit a completed questionnaire from his healthcare provider. The questionnaire required the healthcare provider to disclose whether Frishberg had a disability, the functional limitations that he experienced because of the disability, and how having the animal would alleviate or mitigate a symptom or effect of his disability.

After Frishberg submitted a completed application, including the questionnaire, the school granted a waiver that allowed him to have an emotional support animal in his dorm room. Before the cat could move into the dorm, Frishberg had to meet with a residence life coordinator to review and sign the school's "Animals on Campus Agreement." This document required Frishberg to keep the cat in his room and not allow it to roam freely in common areas. It warned that if Frishberg violated its terms, the school could withdraw the waiver, and the cat would no longer be able to live

---

[3] The university has a separate policy addressing "Service Animals" who may be permitted in these spaces.

24-11175                Opinion of the Court                5

in his dorm room. He signed the document, indicating his agreement to its terms.

Frishberg lived with his cat in the dorm room. On multiple occasions, he brought the cat into the dorm's common areas. Because he failed to comply with the requirement that he keep the cat in his room, the school withdrew the waiver and directed that the cat could not remain in the dorm.

Frishberg refused to comply with the school's directive by continuing to keep the cat in his dorm room. The school then notified him that because of his failure to comply, it was terminating his lease and he needed to move out. According to Frishberg, the school then changed the locks on his room and removed his personal belongings. He also faced student discipline proceedings. After a hearing, he was found to have violated the school's code of conduct by failing to follow a policy governing university housing and comply with an official request or directive. As a sanction, he was ordered to pay a $25 fine and take educational courses on civility.

Proceeding *pro se*, Frishberg brought a lawsuit in state court against the school. After the school moved to dismiss that lawsuit, Frishberg filed this action in the Middle District of Florida against the school's board of trustees as well as HRSE-Capstone Tampa, LLC, the entity that owns the building where he lived.

In the complaint, Frishberg alleged that the defendants had violated the federal Fair Housing Act, the Americans with

Disabilities Act, and the Florida Fair Housing Act. He also brought several contract-related claims under Florida law. He asserted that the defendants engaged in unlawful disability discrimination or retaliation when the school required him to have his healthcare provider complete a questionnaire before he could live with an emotional support animal, prohibited him from having an emotional support animal in the dorm's common areas, required him to remove his emotional support animal from the dorm, terminated his lease agreement, locked him out of his room, and sanctioned him. He sought injunctive relief barring the defendants from preventing him from accessing his room or common areas of the dorm, requiring him to complete the courses on civility, or otherwise retaliating against him.

The defendants moved to dismiss the complaint. They argued that the court lacked jurisdiction over Frishberg's Fair Housing Act and state law claims because they enjoyed immunity under the Eleventh Amendment. They explained that the Eleventh Amendment prohibited "federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state" and that this prohibition "extend[ed]" to suits against "state agencies and other arms of the state." Doc. 16 at 14. They explained that Florida law defined the University of South Florida to be a part of the state government and that its board of trustees was "a part of the executive branch of state government." *Id.* (quoting Fla. Stat. § 1001.73(1)). And they asserted that HRSE, the entity

that owned the building, was entitled to immunity because it was a state agent or state instrumentality.

The defendants acknowledged that Eleventh Amendment immunity could be abrogated by Congress or waived by a state. But they argued that Congress had not abrogated Eleventh Amendment immunity for claims brought under the Fair Housing Act and they had not otherwise waived their immunity from suit.[4]

In response to the motion to dismiss, Frishberg asked the court to construe his complaint as raising a discrimination claim under the Rehabilitation Act, *see* 29 U.S.C. § 794, or allow him to amend his complaint to add such a claim. He asserted that Eleventh Amendment immunity would not bar this claim.

The district court granted the motion to dismiss. It concluded that the defendants enjoyed immunity under the Eleventh Amendment from Frishberg's claims alleging violations of the Fair Housing Act and Florida law. It characterized its dismissal of these claims as without prejudice. But it stated that if Frishberg "wishe[d] to pursue these claims," he could do so only in state court. Doc. 27 at 9. It directed that the claims could "not be re-filed in this [c]ourt." *Id.* The district court's order did not construe Frishberg's complaint

---

[4] The defendants also argued that the court should dismiss Frishberg's Americans with Disabilities Act claim because he failed to state a claim for relief. The district court agreed and dismissed this claim with prejudice. Frishberg has stated that he is "not appealing the dismissal" of this claim. Appellant's Br. 4 n.4. Accordingly, we discuss it no further.

as raising a claim under the Rehabilitation Act or address his request to amend his complaint to add a Rehabilitation Act claim.

This is Frishberg's appeal.

## II.

We review *de novo* a district court's ruling on Eleventh Amendment immunity. *Williams v. Dist. Bd. of Trs. of Edison Cmty. Coll.*, 421 F.3d 1190, 1192 (11th Cir. 2005). We generally review the denial of a motion to amend a complaint for abuse of discretion. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III.

On appeal, Frishberg raises two challenges to the district court's dismissal of his complaint. First, he argues that the district court erred when reciting in its order the facts of the case. Second, he says that the district court erred in dismissing his complaint without giving him leave to amend to raise a claim under the Rehabilitation Act. We consider each issue in turn.

## A.

The Eleventh Amendment bars federal courts from entertaining suits against states. U.S. Const. amend. XI. Although the text of the Eleventh Amendment does not appear to bar federal

suits against a state by its own citizens, the Supreme Court has long held that it bars such suits. *Hans v. Louisiana*, 134 U.S. 1 (1890); *see Manders v. Lee*, 338 F.3d 1304, 1308 n.8 (11th Cir. 2003). As we have explained, the Eleventh Amendment "largely shields states from suit in federal courts without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals." *Monroe v. Fort Valley State Univ.*, 93 F.4th 1269, 1276 (11th Cir. 2024) (citation modified). But this immunity is not absolute. Congress may abrogate this immunity and authorize states to be sued in federal court "in the exercise of its power to enforce the Fourteenth Amendment." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). In addition, "a State may waive its sovereign immunity by consenting to suit." *Id.*

Here, the district court concluded that Eleventh Amendment immunity barred Frishberg's claims under the Fair Housing Act and state law. It determined that both defendants enjoyed Eleventh Amendment immunity from these claims. *See Univ. of S. Fla. Bd. of Trs. v. CoMentis, Inc.*, 861 F.3d 1234, 1237–39 (11th Cir. 2017). It concluded that Congress had not abrogated states' Eleventh Amendment immunity from suits brought under the Fair Housing Act and that Florida had not waived its sovereign immunity by consenting to be sued in federal court. *See Coll. Sav. Bank*, 527 U.S. at 670.

On appeal, Frishberg challenges none of these determinations. Instead, he seeks reversal because of errors that he says the

district court made in reciting the factual background of the case. For example, he says that the court incorrectly stated that his lease was terminated *after* his student conduct hearing when, in fact, the lease was terminated *before* the hearing.

Even assuming the district court made this factual mistake, the mistake does not warrant reversal of the district court's dismissal of his Fair Housing Act and state law claims under the Eleventh Amendment. Whether the school terminated Frishberg's housing contract before or after it sanctioned him for violating its student code makes no difference to whether the defendants enjoyed Eleventh Amendment immunity from his Fair Housing Act and state law claims. Indeed, he advances no argument that the order of these events has any impact on the Eleventh Amendment analysis.[5] And we see no error in the district court's Eleventh Amendment analysis.

**B.**

We now turn to the second issue Frishberg raises on appeal: whether the district court erred in failing to grant him leave to amend his complaint to raise a Rehabilitation Act claim.

---

[5] Frishberg also quibbles with other aspects of the district court's recitation of the background facts. He argues that the court should have noted that the defendants agreed that his cat qualified as an emotional support animal and that he was present whenever his cat was outside his room. But these additional points have no impact on the Eleventh Amendment analysis.

The Federal Rules of Civil Procedure permit a party to amend his pleading with leave of court. *See* Fed. R. Civ. P. 15(a)(2). Rule 15 directs that a "court should freely give leave" to amend "when justice so requires." *Id*. But a district court need not allow an amendment when it would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). An amendment is futile "when the complaint as amended would still be properly dismissed." *Id*.

When Frishberg responded to the defendants' motion to dismiss, he asked the court for permission to file an amended complaint adding a disability discrimination claim under the Rehabilitation Act. He filed no separate motion to amend.

We acknowledge that when a party represented by counsel seeks leave to file an amended complaint, he must file a separate motion to amend and may not simply request leave to amend in his response to a motion to dismiss. *See Cita Tr. Co. v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018). But Frishberg was proceeding *pro se*. And a district court typically must give a *pro se* plaintiff at least one chance to amend before dismissing an action with prejudice. *See Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). The district court in this case purported to dismiss some of Frishberg's claims with prejudice and others without prejudice. But even for the claims that it purported to dismiss without prejudice, the court directed that Frishberg could not refile these claims in federal court. Given this prohibition, we treat the district court's order, at least for purposes of deciding whether the court was required to give Frishberg an opportunity to amend his

complaint, as dismissing the complaint with prejudice. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). Accordingly, the district court erred when it dismissed the action without giving Frishberg an opportunity to amend.

It is true that a district court need not grant a *pro se* litigant leave to amend when "further amendment would be futile." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citation modified). At this point, however, we cannot say that it would be futile to allow Frishberg to file an amended complaint with a Rehabilitation Act claim. Importantly, it appears that a Rehabilitation Act claim against the school's board of trustees would not be subject to dismissal under the Eleventh Amendment. We have recognized that "[u]nder the Rehabilitation Act, a state waives its sovereign immunity if it receives federal financial assistance." *Nat'l Ass'n of the Deaf v. Fla.*, 980 F.3d 763, 774 (11th Cir. 2020). And Frishberg alleged that the school has "received significant Federal funding," including during the school year when the events at issue occurred. Doc. 24 at 6. We thus conclude that the district court erred when it dismissed Frishberg's complaint without giving him a chance to amend. We vacate the dismissal of the complaint and

24-11175                Opinion of the Court                13

remand with instructions for the district court to give Frishberg an opportunity to file an amended complaint.[6]

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[6] Frishberg filed a motion in this Court seeking sanctions under Federal Rule of Civil Procedure 11. The motion is **DENIED**. Also before the Court is the appellees motion for permission to file their response to the motion for sanctions out of time. That motion is **GRANTED**.