**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10622
Non-Argument Calendar
_____

JADA M. ORR,

*Plaintiff-Appellant,*

*versus*

HYUNDAI CAPITAL AMERICA,
  d.b.a. Kia Finance America,

*Defendant,*

KIA FINANCE AMERICA,
CALAVAN KIA OF WEST ATLANTA,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-00334-JPB
_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Jada Orr, proceeding pro se, appeals the district court's denial of her motion to amend her complaint. Orr's suit arises out of her purchase of a car from Calavan Kia of West Atlanta, a car dealership. She brought a total of seventeen claims against Calavan and Kia Finance America, a financial services company, alleging violations of the Truth in Lending Act, Fair Credit Reporting Act, Fair Credit Billing Act, and the Fair Debt Collection Practices Act, as well as breach of contract. The district court dismissed with prejudice all of Orr's claims except for breach of contract, which it dismissed without prejudice. The district court also denied Orr's motion to file a third amended complaint, holding that amendment was futile because her claims were legally and factually baseless. On appeal, Orr argues that the district court should have granted her motion to amend and that it erred in dismissing her federal claims with prejudice. We affirm.

## I.

Orr purchased a car from Calavan, which she financed through Kia Finance. She eventually sued both, alleging that the financial arrangement violated federal and state law. After Orr filed two amended complaints, Calavan and Kia Finance separately moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Orr subsequently moved to file a third amended complaint. After exhaustively reviewing Orr's arguments, the magistrate judge recommended dismissing her claims and denying her motion to amend. He also concluded that Orr's proposed third amended

complaint "merely rehashe[d]" the second amended complaint. Doc. 60 at 31. The magistrate judge observed that Orr's third amended complaint relied on the same exhibits contained in her initial disclosures and did not introduce new facts or arguments. Because amendment would be futile, he recommended denying the motion to amend and dismissing with prejudice. *Id.* at 32.

After Orr objected, the district court adopted the report and recommendation in part. It agreed that all of Orr's federal claims were due to be dismissed with prejudice, but held that her breach of contract claim was viable. Because the district court dismissed the federal claims, it lacked supplemental jurisdiction over the state breach of contract claim and dismissed it without prejudice.

Orr timely appealed.

## II.

We review *de novo* an order denying a plaintiff leave to amend because of futility. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

## III.

At the outset, Orr states in her brief that she "does not seek reversal of all dismissals" but only that her "claims be modified to be dismissed without prejudice." Reply Br. at 3. In other words, Orr does not challenge the district court's analysis of her claims. Accordingly, because she "seeks not to reargue dismissed matters," *id.*

at 1, she has abandoned any challenge to the district court's reasoning in its final order. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Orr makes two separate arguments instead. First, she asserts that the district court erred when it dismissed her claims with prejudice despite her attempt to amend her complaint. She contends that her third amended complaint alleged facts sufficient to state a claim under TILA and Georgia law. Second, she argues that the district court's dismissal of her breach of contract claim without prejudice proves that the district court erred in dismissing her other claims with prejudice. We address both of her arguments in turn.

First, the district court properly denied Orr's motion to amend because it would have been futile. A district court may deny leave to amend when the amended complaint still fails to state a claim. *Cockrell*, 510 F.3d at 1310. Here, the district court correctly concluded that amendment was futile. Orr's third amended complaint was substantively identical to her second. She did not advance any new claims, her arguments recapitulated others already before the district court, and all but one of her supporting exhibits were already in the record. The new exhibit pertained to her breach of contract claim, however, which the district court dismissed without prejudice—a ruling she does not challenge on appeal. Because the third amended complaint was a retread of the second, and because Orr does not contest that the district court properly dismissed her second amended complaint, her motion to amend was futile.

Orr argues that amendment was not futile because her third amended complaint alleged that Kia Finance violated TILA by requiring a down payment. But this allegation was in her second amended complaint, and the district court rejected the argument on the merits. As discussed, Orr does not advance any argument or otherwise challenge the district court's reasoning, so we consider this issue abandoned. *Sapuppo*, 739 F.3d at 681.

Orr also argues that amendment was not futile because her third amended complaint supposedly "clarified" several arguments. She contends that Calavan and Kia Finance misrepresented their respective roles in the financial arrangement and that the amended complaint alleged violations of several provisions of Georgia law. Orr concedes, however, that she did not raise these theories in the district court, and we decline to pass on them in the first instance. *Stewart v. Dep't of Health & Hum. Servs.*, 26 F.3d 115, 115 (11th Cir. 1994) ("As a general principle, this court will not address an argument that has not been raised in the district court."); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004) (declining to address fact-dependent argument where district court lacked "an opportunity to make any findings as to the new allegations"). In any event, the district court could not have erred in concluding that amendment was futile when Orr never explained how the proposed amendment cured the deficiencies in her previous complaint.

Second, the district court's dismissal of Orr's breach of contract claim without prejudice was not "inconsistent" with its dismissal of her other claims with prejudice. Orr's claim that Kia Finance breached the vehicle purchase agreement sounded in state law. Because the district court dismissed all claims over which it had original jurisdiction, it had discretion to dismiss the state law contract claim. 28 U.S.C. § 1367(c)(3). Dismissal without prejudice is the appropriate disposition under these circumstances. *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999). By contrast, because the district court reached the merits of Orr's other claims, dismissal with prejudice was proper. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted). There is no inconsistency.

## IV.

**AFFIRMED**.